UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY E. SARANTINO, Individually and as Surviving Mother of TONI M. SARANTINO, Deceased, | ) ) ) ) |
| Plaintiff(s), | ) ) |
| vs. | ) ) Case No. 4:05MD1702 JCH |
| AMERICAN AIRLINES, INC., REGIONSAIR, INC., f/k/a CORPORATE AIRLINES, INC., AMR CORPORATION, and TRANS STATES AIRLINES, | ) ) ) ) ) ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand, filed April 12, 2005. (Doc. No. 21). The matter is fully briefed and ready for disposition.

## BACKGROUND

On or about February 7, 2005, Plaintiff filed her Petition against Defendants American Airlines, Inc. ("American Airlines"), Regionsair, Inc., f/k/a Corporate Airlines, Inc. ("Corporate Airlines" or "Defendant"), AMR Corporation ("AMR"), and Trans States Airlines, in the Circuit Court of the City of St. Louis, Missouri. (Plaintiff's Petition (hereinafter "Complaint"), attached to Defendant's Notice of Removal). In her Complaint, Plaintiff alleges that on October 19, 2004, American Airlines Flight 5966 crashed into the ground, killing passenger Toni M. Sarantino. (Compl., ¶¶ 1, 11). Specifically, Plaintiff's Complaint alleges one count of negligence and one count of aggravating circumstances against Defendants. (Id., ¶¶ 17-25).

Defendant Corporate Airlines removed the action to this Court on March 17, 2005. In its Notice of Removal, Defendant asserts that removal is proper pursuant to 28 U.S.C. §§1332 and

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

1441, as the only in-state Defendant, Trans States Airlines, was fraudulently joined as a Defendant to this action. (Defendant's Notice of Removal, ¶ 8). Defendant further asserts that federal question jurisdiction exists, because Plaintiff invokes federal law on the face of her Complaint, and because her claims raise a substantial question of federal law. (Id., ¶¶ 16-32). As stated above, on April 12, 2005, Plaintiff filed her Motion to Remand, requesting that the Court remand this case to state court. (Doc. No. 21).

## DISCUSSION

### I. Diversity Jurisdiction

In its Notice of Removal, Defendant asserts this Court possesses jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), which provides as follows:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between --

(1) citizens of different States;...

Id.[1] Plaintiff responds that removal nevertheless was improper, under 28 U.S.C. § 1441(b).

28 U.S.C. § 1441, the removal statute, states in relevant part as follows:

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

28 U.S.C. § 1441(b) (emphasis added). Pursuant to this statute, Plaintiff asserts this action may not be removed, as Defendant Trans States Airlines is a citizen of Missouri, the state in which the action originally was brought. (Plaintiff's Memorandum in Support of Motion to Remand ("Plaintiff's

---

[1] In the instant case, it is undisputed both that the parties are citizens of different states, and that the amount in controversy exceeds $75,000.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Memo in Support"), P. 2). Defendant Corporate Airlines conversely maintains removal jurisdiction is proper, because Defendant Trans States Airlines was fraudulently joined. (Defendant's Notice of Removal, ¶¶ 11-15).

This Court has held that "[i]t is true that when a court is assessing whether diversity jurisdiction exists over a particular case, a court may ignore the citizenship of parties fraudulently joined." Parnas v. General Motors Corp., 879 F.Supp. 91, 92 (E.D. Mo. 1995) (citations omitted). Further, this court has stated that "[j]oinder is fraudulent and removal is proper when there exists no reasonable basis in fact or law supporting the claim against the resident defendant, or when the reviewing court finds that the plaintiff has no real intention of prosecuting the action against the resident defendant." Wiles v. Capitol Indemnity Corp., 75 F.Supp.2d 1003, 1005 (E.D. Mo. 1999), citing Reeb v. Wal-Mart Stores, Inc., 902 F.Supp. 185, 187 (E.D. Mo. 1995) (citations omitted). The burden of proof on the issue of fraudulent joinder rests with the removing party. Parnas, 879 F.Supp. at 92-93 (citations omitted); see also Pender v. Bell Asbestos Mines, Ltd., 145 F.Supp.2d 1107, 1111 (E.D. Mo. 2001).

In a recent case, the Eighth Circuit enunciated the standards to apply in considering a claim of fraudulent joinder, as follows:

> Thus, a proper review should give paramount consideration to the reasonableness of the basis underlying the state claim. Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained."....However, if there is a "colorable" cause of action – that is, if the state law *might* impose liability on the resident defendant under the facts alleged--then there is no fraudulent joinder.

Filla v. Norfolk Southern Railway Co., 336 F.3d 806, 810 (8th Cir. 2003) (internal citations and footnote omitted).

In her Complaint, Plaintiff makes numerous allegations against Defendant Trans States

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Airlines, including the following:

> 5. On October 19, 2004, Defendant[]....Trans States....owned, operated, dispatched, managed, maintained and/or controlled an airplane as a common carrier for hire which was designated American Airlines Flight 5966....
>
> 14. At all times relevant and material hereto, Defendants Corporate and Trans States conducted business and operations into and out of St. Louis Lambert Airport in association with and pursuant to agreements with one another, as well as pursuant to agreements with Defendants American and AMR under the brand name "American Connection." Defendant Trans States, at all times material and relevant hereto, provided services, personnel, support, facilities, assistance, equipment, and critical information and data for flight safety, among other things, to Defendant Corporate Airlines with respect to Corporate's aircraft, flight crews and flight operations at St. Louis Lambert Airport....
>
> 18. On or prior to October 19, 2004, the Defendant[]....Trans States....assumed the duty to properly maintain and prepare the accident aircraft for safe flight operations;....to provide safe and appropriate ground support services at St. Louis Lambert International Airport; to provide qualified, trained and compliant ground, operations, ramp, dispatch, maintenance and management personnel; and to comply with all procedures, regulations and rules including Federal Aviation Regulations in connection with the operation of Flight 5966.
>
> 19. The air crash which occurred on October 19, 2004 resulting in the death of decedent, Toni M. Sarantino, was a direct and proximate result of the careless, negligent and reckless misconduct of Defendant[]....Trans States....including but not limited to the following:....
>
>> g. carelessly, recklessly and negligently failing to provide safe and appropriate ground support services at St. Louis Lambert Airport;....

(Compl., ¶¶ 5, 14, 18, 19). Based on the foregoing, Plaintiff attempts to assert claims of negligence and aggravating circumstances against Defendant Trans States Airlines.

By way of response, Defendant Corporate Airlines admits Trans States Airlines provided certain ground handling services for Flight 5966,[2] but continues to assert that Plaintiff fails to establish

---

[2] The services included operating the gate counter; checking in passengers at the gate who had not previously checked in at the terminal ticket counter; loading baggage onto the aircraft; and limited work on the ramp. (Defendant's Response, P. 7).

- 4 -

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

(1) that the provision of services created a duty to Plaintiff or her decedent, (2) that the provided services were performed negligently, or (3) that the allegedly negligent provision of services was a proximate cause of the accident. (Defendant Corporate Airlines, Inc.'s Response to Plaintiff's Motion to Remand ("Defendant's Response"), P. 7). In support of its position, Corporate Airlines attaches affidavits from both a Trans States Airlines employee and a Corporate Airlines employee, maintaining the Court may consider such evidence in employing a summary judgment-like standard to determining the issue of fraudulent joinder. (Id., P. 4, and attached Exhs. A, B).

Upon consideration, the Court finds it inappropriate to determine the issue of fraudulent joinder based on the submitted substantive evidence. Heimann v. Burlington Northern Santa Fe Railway Co., 2005 WL 1474142 at * 2 (E.D. Mo. June 14, 2005).

> Consideration of such evidence would be appropriate if the Court were determining whether [Defendant Trans States Airlines] is entitled to judgment as a matter of law. However, in determining fraudulent joinder on a motion to remand, the Court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. Where state law might impose liability on the resident defendant *under the facts alleged*....there is no fraudulent joinder.

Heimann, 2005 WL 1474142 at * 2 (internal quotations, citations and footnote omitted); see also Reeb, 902 F.Supp. at 188 (citation omitted) (holding that "in those instances where a court pierces the pleadings and considers factual and legal materials outside the pleadings, it should only consider whether these materials establish facts supporting the claims, not whether these materials resolve the merits of the plaintiff's claims").

In the instant case, Plaintiff alleges negligence on the part of Defendant Trans States Airlines for, among other things, failing to provide safe and appropriate ground support services at St. Louis Lambert Airport. The Court finds such a claim would be permitted under Missouri law. Thus, on the facts as alleged by Plaintiff in her Complaint, Missouri law *might* impose liability against

- 5 -

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Defendant Trans States Airlines, and so Defendant's claim of fraudulent joinder must fail. Heimann, 2005 WL 1474142 at * 2, citing Filla, 336 F.3d at 810.

## II. Federal Question Jurisdiction

In its Notice of Removal, Defendant further asserts this Court has federal question jurisdiction over this action, pursuant to 28 U.S.C. § 1331. Specifically, Defendant maintains that despite Plaintiff's assertion that her Complaint presents state law causes of action, for which state law provides the remedy (Plaintiff's Memo in Support, P. 2), her Complaint refers explicitly to federal regulations. Defendant thus asserts that Plaintiff's Complaint may be removed as "arising under" federal law.

A civil action filed in state court may be removed to federal court if it is founded on a claim or right, "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Pursuant to the Supreme Court's longstanding interpretation of the statutory scheme, "the question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986) (citation omitted). "A defense that raises a federal question is inadequate to confer federal jurisdiction." Merrell Dow, 478 U.S. at 808 (citation omitted).

While the vast majority of cases that arise under federal law are those where the cause of action is actually created by federal law, there is "a small class of cases where, even though the cause of action is not created by federal law, the case's resolution depends on resolution of a federal question sufficiently substantial to arise under federal law." Bhagwanani v. Howard University, 355 F.Supp.2d 294, 298 (D.D.C. 2005) (internal quotations and citations omitted); see also Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 125 S.Ct. 2363, 2366-67, 162 L.Ed.2d 257 (2005) (citation omitted) ("There is, however, another longstanding, if less frequently

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

encountered, variety of federal 'arising under' jurisdiction, this Court having recognized for nearly 100 years that in certain cases federal question jurisdiction will lie over state-law claims that implicate significant federal issues").[3]

In its Notice of Removal, Defendant asserts removal is proper, as Plaintiff invokes federal law on the face of her Complaint. (Notice of Removal, ¶¶ 16-24). In the alternative, Defendant maintains Plaintiff's claims raise a substantial question of federal law, sufficient to confer federal jurisdiction. (Id., ¶¶ 25-28). The Court will address Defendant's contentions in turn.

## I.   **Well-Pleaded Complaint**

As stated above, "'[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Lundeen v. Canadian Pacific Railway Co., 342 F.Supp.2d 826, 829 (D. Minn. 2004), quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (citation omitted). Defendant here asserts removal is proper, as Plaintiff invokes federal law on the face of her well-pleaded Complaint. (Defendant's Response, PP. 8-11). In support of its position, Defendant points to the following passage from Plaintiff's Complaint:

> Defendants American, Corporate, AMR and Trans States, and each of them assumed the duty....to comply with all procedures, regulations and rules including Federal Aviation Regulations in connection with the operation of Flight 5966.

(Defendant's Response, P. 9, quoting Compl., ¶ 18). Defendant maintains that under settled Eighth Circuit law, this portion of Plaintiff's pleading suffices to permit removal. (Id.).

---

[3] Thus, "the [arising under] doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues,..." Grable & Sons, 125 S.Ct. at 2367 (citation omitted).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

In Country Club Estates, L.L.C. v. Town of Loma Linda, the Eighth Circuit confronted a complaint that stated as follows:

> The Court order [referring to an order of the County Commission of Newton County, Missouri, purporting to establish the Town of Loma Linda] is further invalid because Relators were not given proper notice of the hearing as required by the Statutes and Constitution of Missouri and the Constitution of the United States of America, including those provisions which prohibit the taking of property without due process of law, which process requires proper notice.

Country Club Estates, L.L.C. v. Town of Loma Linda, 213 F.3d 1001, 1003 (8th Cir. 2000). The Court held that, while "not every case in which a federal question somehow arises is within the original jurisdiction of federal courts," "[a] complaint that pleads violations of both state and federal law is within the original jurisdiction of a federal district court." Id. (citations omitted). The Court continued to find that the federal court had jurisdiction of the case before it, as the reference to the United States Constitution in Plaintiffs' Complaint was "unequivocal." Loma Linda, 213 F.3d at 1003-04. See also Lundeen, 342 F.Supp.2d at 829 (finding allegations that defendant violated "applicable state law...as well as United States law" stated a federal question on the face of the complaint).

By way of contrast, in Merrell Dow, the Supreme Court held that allegations that a drug was "misbranded," in violation of the Federal Food, Drug and Cosmetic Act, and that such violation both constituted a rebuttable presumption of negligence, and directly and proximately caused the injuries at issue, did not state a claim "arising under the Constitution, laws, or treaties of the United States." Merrell Dow, 478 U.S. at 805-06, 817, citing 28 U.S.C. § 1331. Rather, the Supreme Court found that the allegations represented only "the presence of a federal issue in a state-created cause of action," "insufficiently 'substantial' to confer federal-question jurisdiction." Id. at 810, 814 (footnote omitted).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Upon consideration, the Court finds that, unlike the plaintiffs in Loma Linda and Lundeen, Plaintiff here does not allege a violation of a federal law as a cause of action in its own right. Rather, as in Merrell Dow, Plaintiff's Complaint merely alleges a possible violation of a federal statute as an element of a state law cause of action. See Lundeen, 342 F.Supp.2d at 831 n. 6. Plaintiff thus fails to raise a federal question on the face of her well-pleaded Complaint, and so Defendant's request for removal on this basis must be denied.

## II. Substantial Question Of Federal Law

As stated above, courts have recognized the existence of "a small class of cases where, even though the cause of action is not created by federal law, the case's resolution depends on resolution of a federal question sufficiently substantial to arise under federal law." Bhagwanani v. Howard University, 355 F.Supp.2d at 298 (internal quotations and citations omitted). In her Motion to Remand, Plaintiff asserts her Complaint is not such a case, as pursuant to the Supreme Court's ruling in Merrell Dow, the fact that Congress failed to create a private federal remedy for violations of the FAA or FARs is dispositive of whether the allegations in Plaintiff's Complaint suffice to create federal jurisdiction. (Plaintiff's Memo in Support, P. 6).

In a recent decision, issued subsequent to the filing of Plaintiff's Motion to Remand, the Supreme Court rejected Plaintiff's position, holding that there exists no bright-line test for determining whether to exercise jurisdiction over federal issues embedded in state-law claims between non-diverse parties. Grable & Sons, 125 S.Ct. at 2368. Rather, the Supreme Court formulated the question to address in determining whether a claim "arises under" federal law as follows: "Instead, the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities[?]" Id.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

In Grable & Sons, the Supreme Court held that, "the national interest in providing a federal forum for federal tax litigation is sufficiently substantial to support the exercise of federal question jurisdiction over the disputed issue on removal, which would not distort any division of labor between the state and federal courts, provided or assumed by Congress." Grable & Sons, 125 S.Ct. at 2365. In so doing, the Court applied its enunciated two-part test to the facts before it as follows:

> This case warrants federal jurisdiction. Grable's state complaint must specify the facts establishing the superiority of [its] claim, and Grable has premised its superior title claim on a failure by the IRS to give it adequate notice, as defined by federal law. Whether Grable was given notice within the meaning of the federal statute is thus an essential element of its quiet title claim, and the meaning of the federal statute is actually in dispute; it appears to be the only legal or factual issue contested in the case. The meaning of the federal tax provision is an important issue of federal law that sensibly belongs in a federal court....Finally, because it will be the rare state title case that raises a contested matter of federal law, federal jurisdiction to resolve genuine disagreement over federal tax title provisions will portend only a microscopic effect on the federal-state division of labor.

Grable & Sons, 125 S.Ct. at 2368 (internal quotations and citations omitted).[4]

The Grable court continued to explain that its decision was not at odds with the earlier ruling in Merrell Dow, however, as follows:

> *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), on which Grable rests its position, is not to the contrary. *Merrell Dow* considered a state tort claim resting in part on the allegation that the defendant drug company had violated a federal misbranding prohibition, and was thus presumptively negligent under Ohio law. *Id.*, at 806, 106 S.Ct. 3229. The Court assumed that federal law would have to be applied to resolve the claim, but after closely examining the strength of the federal interest at stake and the implications of opening the federal forum, held federal jurisdiction unavailable. Congress had not provided a private federal cause of action for violation of the federal branding requirement, and the Court found "it would ... flout, or at least undermine, congressional intent to conclude that federal courts might nevertheless exercise federal-question jurisdiction and provide remedies for violations of that federal statute solely because the violation ... is said to be a ... 'proximate cause' under state law." *Id.*, at 812, 106 S.Ct. 3229.

---

[4] The Court rendered its ruling, despite the fact that there exists no federal cause of action to try the type of claim at issue in the case, i.e., a claim of title to land obtained at a federal tax sale.

- 10 -

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Because federal law provides for no quiet title action that could be brought against Darue, Grable argues that there can be no federal jurisdiction here, stressing some broad language in *Merrell Dow* (including the passage just quoted) that on its face supports Grable's position, see Note, Mr. *Smith* Goes to Federal Court: Federal Question Jurisdiction over State Law Claims Post-*Merrell Dow*, 115 Harv. L.Rev. 2272, 2280-2282 (2002) (discussing split in Circuit Courts over private right of action requirement after *Merrell Dow*). But an opinion is to be read as a whole, and *Merrell Dow* cannot be read whole as overturning decades of precedent, as it would have done by effectively adopting the Holmes dissent in *Smith*, see *supra*, at 2368, and converting a federal cause of action from a sufficient condition for federal-question jurisdiction into a necessary one.

In the first place, *Merrell Dow* disclaimed the adoption of any bright-line rule, as when the Court reiterated that "in exploring the outer reaches of § 1331, determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system." 478 U.S., at 810, 106 S.Ct. 3229. The opinion included a lengthy footnote explaining that questions of jurisdiction over state-law claims require "careful judgments," *id.*, at 814, 106 S.Ct. 3229, about the "nature of the federal interest at stake," *id.*, at 814, n. 12, 106 S.Ct. 3229 (emphasis deleted). And as a final indication that it did not mean to make a federal right of action mandatory, it expressly approved the exercise of jurisdiction sustained in *Smith*, despite the want of any federal cause of action available to *Smith*'s shareholder plaintiff. 478 U.S., at 814, n. 12, 106 S.Ct. 3229. *Merrell Dow* then, did not toss out, but specifically retained the contextual enquiry that had been *Smith*'s hallmark for over 60 years. At the end of *Merrell Dow*, Justice Holmes was still dissenting.

Accordingly, *Merrell Dow* should be read in its entirety as treating the absence of a federal private right of action as evidence relevant to, but not dispositive of, the "sensitive judgments about congressional intent" that § 1331 requires. The absence of any federal cause of action affected *Merrell Dow*'s result two ways. The Court saw the fact as worth some consideration in the assessment of substantiality. But its primary importance emerged when the Court treated the combination of no federal cause of action and no preemption of state remedies for misbranding as an important clue to Congress's conception of the scope of jurisdiction to be exercised under § 1331. The Court saw the missing cause of action not as a missing federal door key, always required, but as a missing welcome mat, required in the circumstances, when exercising federal jurisdiction over a state misbranding action would have attracted a horde of original filings and removal cases raising other state claims with embedded federal issues. For if the federal labeling standard without a federal cause of action could get a state claim into federal court, so could any other federal standard without a federal cause of action. And that would have meant a tremendous number of cases....

As already indicated, however, a comparable analysis yields a different jurisdictional conclusion in this case. Although Congress also indicated ambivalence

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

in this case by providing no private right of action to Grable, it is the rare state quiet title action that involves contested issues of federal law, see n. 3, *supra*. Consequently, jurisdiction over actions like Grable's would not materially affect, or threaten to affect, the normal currents of litigation. Given the absence of threatening structural consequences and the clear interest the Government, its buyers, and its delinquents have in the availability of a federal forum, there is no good reason to shirk from federal jurisdiction over the dispositive and contested federal issue at the heart of the state-law title claim.

Grable & Sons, 125 S.Ct. at 2369-71 (footnotes omitted).

Upon consideration of the foregoing, the Court will grant Plaintiff's Motion to Remand. With respect to whether Plaintiff's state law claims, "necessarily raise a stated federal issue, actually disputed and substantial," the Court finds this case more closely resembles Merrell Dow, rather than Grable & Sons. Specifically, unlike Grable & Sons, in which the meaning of the federal statute was "the only legal or factual issue contested in the case," Id. at 2368, this case involves state tort claims resting only in part on the allegation that Defendants may have violated federal aviation standards. Further, as in Merrell Dow, it is undisputed here that neither the FAA nor the FARs provide for a federal private right of action. As stated above, this fact is significant for two reasons. First, the absence of a federal cause of action is "worth some consideration in the assessment of substantiality." Grable & Sons, 125 S.Ct. at 2370. More importantly, pursuant to Grable & Sons, this Court treats "the combination of no federal cause of action and no preemption of state remedies....as an important clue to Congress's conception of the scope of jurisdiction to be exercised under § 1331." Id.[5] Finally, the Court finds that allowing this case to remain in federal Court could open the federal courthouse doors to, "a tremendous number of cases," thus heralding, "a potentially enormous shift

---

[5] The majority of courts considering the issue have concluded that Congress did not intend to preempt state law completely when it enacted the Federal Aviation Act. See, e.g. Smith v. United Airlines, 2002 U.S. Dist. Lexis 19241 at * 3 (N.D. Ill. 2002); Williams v. Midwest Express Airlines, Inc., 315 F.Supp.2d 975, 979 (E.D. Wis. 2004); Casey v. Goulian, 273 F.Supp.2d 136, 138-40 (D. Mass. 2003).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

of traditionally state cases into federal courts." Grable & Sons, 125 S.Ct. at 2370-71. The Court thus holds that Plaintiff's claim does not "arise under" federal law, sufficient to permit removal jurisdiction, and so Plaintiff's Motion to Remand must be granted.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. No. 21) is **GRANTED**, and this case is remanded to the Circuit Court of the City of St. Louis, State of Missouri. An appropriate Order of Remand will accompany this Order.

Dated this 29th day of September, 2005.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com